Rev. 2/11

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**CIVIL APPEAL STATEMENT**

*Please TYPE.   Attach additional pages if necessary.*

11th Circuit Docket Number: **13-14717**

| Caption: | District and Division: Middle District of Florida, Orlando |
|---|---|
| PAUL OPPOLD, appellant | Name of Judge: Judge Honeywell |
| | Nature of Suit: Copyright |
| v. | Date Complaint Filed: 7/30/2012 |
| | District Court Docket Number: 6:12-cv-01493-CEH-KRS |
| FIRST TIME VIDEOS, LLC, appellee. | Date Notice of Appeal Filed: 10/8/2013 |
| | ☐ Cross Appeal   ☐ Class Action |
| | Has this matter previously been before this court? |
| | ☐ Yes ☒ No |
| | If Yes, provide |
| | (a)    Caption: |
| | (b)    Citation: |
| | (c)    Docket Number: |

| | Attorney Name | Mailing Address | Telephone, Fax, and Email |
|---|---|---|---|
| For Appellant:<br>☐ Plaintiff<br>☒ Defendant<br>☐ Other (Specify) | Graham W. Syfert | 1529 Margaret St, Unit 2<br>Jacksonville, FL 32204 | 904-383-7448<br>Fax: 904-638-4726<br>graham@syfert.com |
| For Appellee:<br>☒ Plaintiff<br>☐ Defendant<br>☐ Other (Specify) | pro se | Registered Agent:<br>First Time Videos, LLC<br>Sierra Corporate Services<br>2300 West Sahara Ave<br>STE 1200<br>Las Vegas, NV 89102 | Unknown |

*Please CIRCLE/CHECK/COMPLETE the items below and on page 2 that apply.*

| Jurisdiction | Nature of Judgment | Type of Order | Relief |
|---|---|---|---|
| ☒ Federal Question | ☒ Final Judgment,<br>28 USC 1291 | ☐ Dismissal/Jurisdiction | Amount Sought by Plaintiff:<br>$_____ |
| ☐ Diversity | ☐ Interlocutory Order,<br>28 USC 1292(a)(1) | ☐ Default Judgment | Amount Sought by Defendant:<br>$_____45,641.20_____ |
| ☐ US Plaintiff | | ☐ Summary Judgment | |
| ☐ US Defendant | ☐ Interlocutory Order Certified,<br>28 USC 1292(b) | ☐ Judgment/Bench Trial | Awarded:<br>$_____0_____ |
| | | ☐ Judgment/Jury Verdict | to_____ |
| | ☐ Interlocutory Order,<br>Qualified Immunity | ☐ Judgment/Directed Verdict/NOV | Injunctions:<br>☐ TRO |
| | ☐ Final Agency Action (Review) | ☐ Injunction | ☐ Preliminary   ☐ Granted |
| | ☐ 54(b) | ☒ Other   Attorneys Fees | ☐ Permanent   ☐ Denied |

Page 2                                              11th Circuit Docket Number: _____ 13-14717 _____

Based on your present knowledge:

(1)    Does this appeal involve a question of First Impression?    ☒ Yes    ☐ No
       What is the issue you claim is one of First Impression?    Does the two-dismissal rule result in a "Prevailing Party"

(2)    Will the determination of this appeal turn on the interpretation or application of a particular case or statute?    ☒ Yes    ☐ No

       If Yes, provide
       (a)   Case Name/Statute        Buckhannon Board v. West Virginia, 532 U.S. 598 (2001)
       (b)   Citation                 Rule 41
       (c)   Docket Number if unreported

(3)    Is there any case now pending or about to be brought before this court or any other court or administrative agency that
       (a)   Arises from substantially the same case or controversy as this appeal?    ☒ Yes    ☐ No
       (b)   Involves an issue that is substantially the same, similar, or related to an issue in this appeal?    ☒ Yes    ☐ No

       If Yes, provide
       (a)   Case Name                Abrahams v. Hard Drive Productions
       (b)   Citation                 (Currently Pending)
       (c)   Docket Number if unreported    13-15889
       (d)   Court or Agency          Ninth Circuit Court of Appeals

(4)    Will this appeal involve a conflict of law
       (a)   Within the Eleventh Circuit?    ☒ Yes    ☐ No
       (b)   Among circuits?    ☒ Yes    ☐ No

       If Yes, explain briefly:
       Hard Drive Productions - unraised, unstated jurisdictional question:  Did a District Court under the Ninth
       Circuit's Commercial Space, 193 F.3d 1074 (1999) have jurisdiction to deny a judgment on the
       pleadings in a declaratory action of copyright non-infringement or did the court lack subject matter
       jurisdiction to hear the case?  (showing jurisdictional paradox of Rule 41(a)(1)(B) relief).

(5)    Issues proposed to be raised on appeal, including jurisdictional challenges:

       1.  Did the District Court have jurisdiction to enter an order awarding a defendant accused of copyright
       infringement an adjudication on the merits after two unilateral notices of voluntary dismissal without
       prejudice, or was this order void and without effect?

       2.  The issue for decision before this Court is whether adjudication on the merits pursuant to the two-
       dismissal rule of Rule 41(a)(1)(B) is sufficient to confer prevailing party status under the fee shifting
       provision of the Copyright Act under Buckhannon.

I CERTIFY THAT I SERVED THIS CIVIL APPEAL STATEMENT ON THE CLERK OF THE U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT AND

SERVED A COPY ON EACH PARTY OR THEIR COUNSEL OF RECORD, THIS ___28th___ DAY OF _____November_____, __2013__ .


_____                    _____
        Graham W. Syfert, Esq.                                s/Graham W. Syfert
       NAME OF COUNSEL (Print)                              SIGNATURE OF COUNSEL

*Please ATTACH portion of district court, tax court, or agency record described in 11th Cir. R. 33-1(b):   (a) judgments and orders appealed*
*from or sought to be reviewed; (b) any supporting opinion, findings of fact, and conclusions of law filed by the court or the agency, board,*
*commission, or officer; (c) any report and recommendation adopted by an order; (d) findings and conclusions of an administrative law judge*
*when appealing a court order reviewing an agency determination; (e) any agency docket sheet or record index.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cv-20921-Lenard

FIRST TIME VIDEOS LLC,

     Plaintiff,

vs.

DOES 1 – 76,

     Defendants.

_____/

### NOTICE OF VOLUNTARY DISMISSAL OF A CERTAIN DOE DEFENDANT WITHOUT PREJUDICE

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff voluntarily dismisses, *without* prejudice, all causes of action in this complaint against the Doe Defendant associated with Internet Protocol address 97.102.232.95. This Doe Defendant has neither filed an answer to Plaintiff's Complaint, nor a motion for summary judgment with respect to the same. Dismissal under Federal Rule of Civil Procedure 41(a)(1) is therefore appropriate.

     Respectfully submitted,

     First Time Videos LLC

**DATED**: July 27, 2012

     By:   /s/ Joseph Perea_____
          Joseph Perea (Bar No. 47782)
          Prenda Law Inc.
          1111 Lincoln Road, Suite 400
          Miami Beach, Florida 33139
          Telephone: (305) 748-2102
          Telecopier: (305) 748-2103
          joperea@wefightpiracy.com
          *Attorney for Plaintiff*

1

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on July 27, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.


_/s/ Joseph Perea_____

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FIRST TIME VIDEOS LLC,

            Plaintiff,                        Case No. 6:12-cv-01493-CEH-KRS

        v.

PAUL OPPOLD,

            Defendant.

_____/

## NOTICE OF VOLUNTARY DISMISSAL OF ACTION WITHOUT PREJUDICE

**NOTICE IS HEREBY GIVEN** that, pursuant to Federal Rule of Civil Procedure 41(a)(1), Plaintiff voluntarily dismisses this action in its entirety *without* prejudice.

In accordance with Federal Rule of Civil Procedure 41(a)(1), Defendant Paul Oppold has neither filed an answer to Plaintiff's Amended Complaint, nor a motion for summary judgment. Dismissal under Federal Rule of Civil Procedure 41(a)(1) is therefore appropriate.

Plaintiff prays that the Court enter a judgment reflecting the above.

**DATED: December 5, 2012**

                                       Respectfully submitted,

                                       First Time Videos LLC,

                  By:    /s/ Jonathan A. Torres
                            Jonathan A. Torres (Bar # 67287)
                            JONATHAN A. TORRES, LLC
                            1417 N. Semoran Boulevard, Suite 205
                            Orlando, FL 32807
                            Phone: 415-325-5900
                            Email: jonathantorresllc@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 5, 2012, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Jonathan A. Torres

Jonathan A. Torres

# United States District Court
## Middle District of Florida
## Orlando Division

FIRST TIME VIDEOS, LLC,

                              Plaintiff,

-vs-                                                    Case No.  6:12-cv-1493-Orl-36KRS

PAUL OPPOLD,

                              Defendant.
_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **DEFENDANT PAUL OPPOLD'S SECOND MOTION FOR AWARD OF ATTORNEY'S FEES (Doc. No. 33)**
>
> **FILED:**     **December 12, 2012**

## I.     PROCEDURAL HISTORY.

On July 30, 2012, Plaintiff First Time Videos, LLC ("FTV"), through its attorney George A. Banas, Esq., filed a complaint against Defendant Paul Oppold alleging "copyright infringement under the United States Copyright Act and related civil conspiracy, contributory infringement and negligence claims under the common law . . . ." Doc. No. 1 at 1.  Specifically, FTV alleged that Oppold had downloaded a copy of an entertainment video entitled "FTV - Tiffany" (the "Video") without its authorization.  *Id.* at 2, 6.  FTV attached to the complaint the Certificate of Registration of the Video. Doc. No. 1-1.

Oppold appeared, through his attorney, Graham W. Syfert, Esq.,  and filed a motion to dismiss the complaint or for a more definite statement.  Doc. No. 14.  Before this Court ruled on the pending motion to dismiss, FTV, through its new attorney Jonathan A. Torres, Esq., filed a notice of voluntary dismissal of the action without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(1). Doc. No. 29.  The presiding district judge entered an order dismissing the case without prejudice on December 6, 2012.  Doc. No. 30.

Oppold now seeks an award of attorney's fees based on his argument that he is a prevailing party under the Copyright Act, 17 U.S.C. § 505.  Doc. No. 33 at 5.[1]  Oppold attached to his motion for attorney's fees the following:

- Letter on Joseph Perea, P.A. letterhead to Paul Oppold, dated July 7, 2012 (Doc. No. 33 at 15);

- Notice of Dismissal of Case No. 1:12-cv-20921-Lenard (*Id*. at 16-17);

- Attorney Time Sheet of Hours Worked on Case (*Id*. at 18-19);

- Affidavit of Christopher Taylor (*Id*. at 20-21);

- Affidavit of Alexander B. Cverko (*Id*. at 22-23); and,

-  Proposed Order Approving Attorney's Fees (*Id*. at 24).

---

[1]  Oppold states that he also seeks attorney's fees under Fed. R. Civ. P. 54(d), Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and the Court's inherent power.  Doc. No. 33 at 1.  Fed. R. Civ. P. 54(d) "provides the procedure for recovery of attorney's fees but does not provide a substantive right to attorney's fees." *Corwin v. Walt Disney Word Co.*, No. 602CV1377ORL19DAB, 2005 WL 1126659, at *2 (M.D. Fla May 9, 2005), *aff'd*, 475 F.3d 1239 (11th Cir. 2007) (citation omitted).  Oppold has not shown that he complied with the safe harbor provision of Fed. R. Civ. P. 11(c)(1), which is a necessary prerequisite to an award of sanctions under Rule 11.  Finally, Oppold did not discuss in his motion the legal standard for an award of attorney's fees under 28 U.S.C. § 1927 or the Court's inherent power.  Therefore, I will address only the request for an award of attorney's fees under the Copyright Act.

FTV filed an opposition to the motion for attorney's fees.  Doc. No. 34. It submitted the following documents to its response:

- Email from Attorney Graham Syfert to Jeffrey Weaver (Doc. No. 34-1);

- Objections to Time Worked by Oppold's counsel (Doc. No. 34-2); and,

- Proposed Order Denying Attorney's Fees (Doc. No. 34-3).

The motion was referred to me for issuance of a Report and Recommendation.  The motion is now ripe for resolution.

## II.    BACKGROUND.

In this case, FTV alleged that, on February 20, 2012 at 9:49:54 p.m. UTC, Oppold, using internet protocol ("IP") address 97.102.232.95, downloaded a torrent file particular to the Video, purposefully loaded the torrent file into his BitTorrent Client, entered a BitTorrent swarm particular to the Video, and reproduced and distributed the Video to numerous third parties.  Doc. No. 1 ¶¶ 22-23.[2]

Oppold contends that FTV previously sued him for copyright infringement, civil conspiracy and contributory infringement arising from the same events in *First Time Videos, LLC v. John Does 1-76*, Case. No. 1:12-CV-20921-JAL (the "Miami Case"), which case was filed in the United States

---

[2]  FTV alleged that the "BitTorrent protocol operates as follows.  First, a user locates a small 'torrent' file.  This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution.  Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file.  Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm.  When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same."  Doc. No. 1 ¶ 13.

District Court for the Southern District of Florida.  Doc. No. 33 at 1.[3]  Although the "John Doe"

Defendants in the Miami case were identified only by their IP addresses, counsel for FTV sent a

demand letter addressed to Oppold stating that he used IP address 97.102.232.95 to illegally download

the Video on February 20, 2012 at 9:49:54 p.m. UTC.  Doc. No. 33 at 15 ("We have received a

subpoena return from your ISP confirming that you are indeed the person that was associated with the

IP address [97.102.232.95] that was performing the illegal downloading of our client's content listed

above [FTV-Tiffany] on the exact date(s) listed above [February 20, 2012 at 9:49:54 PM UTC].").

After the demand letter was sent, FTV voluntarily dismissed the Miami Case "against the Doe

Defendant associated with Internet Protocol address 97.102.232.95" pursuant to Fed. R. Civ. P.

41(a)(1).  *Id.* at 16.

## III.    ANALYSIS.

### A.    *Prevailing Party under the Copyright Act*

Under the Copyright Act, "the court may . . . award a reasonable attorney's fee to the

prevailing party as part of the costs."  17 U.S.C. § 505.  A "prevailing party" is defined "as '[a]

party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . .'"

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598,

603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)).

Oppold contends that he is the prevailing party in this case under the two-dismissal

provision of Fed. R. Civ. P. 41(a)(1), which provides as follows:  "[I]f the plaintiff previously

dismissed any federal- or state-court action based on or including the same claim, a notice of

---

[3]  Oppold cited to the complaint in the Miami Case but did not file it with this Court.  Doc. No. 33 at 2.

dismissal operates as an adjudication on the merits." *Id.* FTV contends that the two-dismissal rule does not apply because Oppold was not specifically named as a Defendant in the Miami case, no summons was issued to him in that case, and he never appeared or filed a responsive document in that case. Doc. No. 34 at 2-3.

The two-dismissal rule does not apply unless the same defendant is named in each case. *Fernandez v. Estate of Gatti*, No. 11-62269-CIV, 2011 WL 2077817, at *2-3 (S.D. Fla. May 26, 2011) (citations omitted). Some courts have held, however, that the two-dismissal rule "extends not only to named parties to an action, but also to their privies," that is to anyone "'so identified in interest with another that he represents the same legal right.'" *Manning v. S.C. Dep't of Highway & Public Transp.*, 914 F.2d 44, 48 (4th Cir. 1999)(quoting *Richburg v. Baughman*, 351 S.E. 2d 164, 166 (1986)).

In *Manning*, Plaintiff Manning filed a civil rights complaint against the South Carolina Department of Highway and Public Transportation and individuals identified as John Doe and Richard Roe. Manning voluntarily dismissed this suit by notice. Thereafter, Manning filed a state court case again alleging violation of his constitutional rights as well as other claims against Defendant Victor Evans and others. Manning later voluntarily dismissed his claims against Evans by notice. Manning then filed another federal case naming the Highway Department, Evans and others as defendants. In the third case, Manning argued that the claims against Evans should not be dismissed under the two-dismissal rule because Evans was not named personally in the first case. The district court found, based on Manning's testimony that Evans was intended to be the Doe or Roe defendant in the first case, that the two-dismissal rule applied and dismissed the third

case as to Evans, which decision was affirmed by the United States Court of Appeals for the Fourth Circuit. *Id.* at 47-48.

It does not appear that the United States Court of Appeals for the Eleventh Circuit has explicitly addressed the two-dismissal rule in the context of a defendant identified in the first-filed case as a Doe or Roe defendant. The Eleventh Circuit has adopted the privity of parties analysis in its *res judicata* jurisprudence. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citation omitted). Accordingly, I find the rationale of *Manning* persuasive in this case.

Here, FTV admitted through its counsel in the demand letter that Oppold was one of the John Doe defendants in the Miami case. The two cases arise from the same facts and circumstances. Both cases were dismissed as to Oppold (John Doe a/k/a IP address 97.102.232.95) on notice under Fed. R. Civ. P. 41(a)(1). Although this Court issued an order dismissing the case without prejudice following the filing of the notice of dismissal, it appears that order had no force or effect. *See Tidwell v. Krishna Q Investments, LLC*, No. 1:10-cv-2011-WSD, 2012 WL 7808062, at * 2 (N.D. Ga. Dec. 18, 2012) (citations omitted). Under these circumstances, the two-dismissal rule applies, and the dismissal of the present case operated as an adjudication on the merits.

It is, nevertheless, unclear whether the adjudication on the merits resulting from a second dismissal under Rule 41(a)(1) is the type of judicially sanctioned change in the relationship of the parties required by *Buckhannon* for Oppold to be considered the prevailing party in this case. When a plaintiff dismisses a case a second time under Fed. R. Civ. P. 41(a)(1), there is no Court approval or entry of judgment. Rather, the case is closed by operation of that Rule. Therefore, I

-6-

recommend that the Court find, under *Buckhannon*, that Oppold is not prevailing party simply by operation of the two-dismissal rule.

B.      *Award of Attorney's Fees*

If the Court finds that Oppold is the prevailing party, then the Court must consider whether to exercise its discretion to award him attorney's fees. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.  'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)).  Among the considerations the Supreme Court recognized were "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence' . . . so long as such factors are faithful to the purposes of the Copyright Act . . . ." *Id.* at 534 n. 19 (quoting *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3rd Cir. 1986)).  The purposes of the Copyright Act include restitution to prevent unjust enrichment to the defendant, reparation of injury to the plaintiff and deterrence of further wrongful conduct by the defendant and others.  *United Feature Syndicate v. Sunrise Mold Co.*, 569 F. Supp. 1475, 1481  (S.D. Fla. 1983) (citations omitted).

Oppold contends that the purposes of the Copyright Act will be served by an award of attorney's fees because FTV's dismissal of the case arose from "fraud on the court," but he did not file any evidence to support that assertion.  Doc. No. 33 at 5.  He also submits that he was sued "as

revenge for the bar complaints exchanged between counsel for the Defendant and Prenda Law."

*Id.* at 6. Once again, however, Oppold offers no evidence to support that assertion.

Finally, Oppold contends that FTV knew or should have known that he could not be liable solely by negligently failing to secure his internet connection, citing *AF Holdings, LLC v. Doe*, 4:12-cv-2049-PJH, Doc. No. 26 (N.D. Cal. Sept. 4, 2012), and *AF Holdings, LLC v. Doe*, 5:12-cv-02048-EJD, 2012 WL 4747170 (N.D. Cal. Oct. 3, 2012). These cases are inapposite because FTV alleged, among other things, that Oppold "committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others." Doc. No. 1 ¶ 57. It alleged only in the alternative that Oppold was negligent or reckless in failing to secure his internet connection. *Id.* ¶ 62. Thus, even if this Court were to follow the California court's reasoning regarding the negligence claim, Oppold has not shown that the allegation that he personally acted knowingly and intentionally in downloading the Video is without evidentiary support.

The record before the Court reflects that FTV had a registered copyright in the Video. Doc. No. 1-1. FTV alleged that Oppold infringed that copyright by knowingly and intentionally downloading the Video without permission at a specific date and time and distributing it. Doc. No. 1 ¶¶ 22-23. Oppold did not appear in the Miami case and, thus, he was not subjected to harassment or even inconvenience by the filing of that lawsuit. While Oppold appeared through counsel in the present case, as noted above he offered no evidence to support his contention that the present case has no evidentiary support. By virtue of the operation of the two-dismissal rule, FTV will not be permitted to bring another lawsuit against Oppold arising from the facts and circumstances underlying the present case. Considering all of the information before the Court, I

recommend that the Court find that the purposes of the Copyright Act would not be served by awarding attorney's fees to Oppold.

## IV.    RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant Paul Oppold's Second Motion for Award of Attorney's Fees, Doc. No. 33.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 23rd, 2013.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**FIRST TIME VIDEOS, LLC,**

                **Plaintiff,**

**v.**                                       **Case No:  6:12-cv-1493-Orl-36KRS**

**PAUL OPPOLD,**

                **Defendant.**

_____

## ORDER

This cause comes before the Court upon the Report and Recommendation ("R&R") filed by Magistrate Judge Karla R. Spaulding on May 23, 2013.  Doc. 35.  In the Report and Recommendation, Judge Spaulding recommends denying Defendant Paul Oppold's ("Defendant Oppold" or "Defendant") Second Motion for Award of Attorney's Fees (Doc. 33) ("Motion for Fees") on the ground that Defendant is not a prevailing party under the Copyright Act, 17 U.S.C. § 505.  *Id.* at 9. Defendant Oppold filed an Objection to the Report and Recommendation ("Objection") to which Plaintiff First Time Videos, LLC ("Plaintiff First Time Videos" or "Plaintiff") responded.  Docs. 37, 39.  Accordingly, the Report and Recommendation is ripe for review.

### I.  BACKGROUND

On July 30, 2012, Plaintiff First Time Videos filed a complaint against Defendant Oppold for copyright infringement under the "United States Copyright Act," as well as for "related civil conspiracy, contributory infringement and negligence claims under the common law . . . ."  Doc. 1 at ¶ 1.  In its complaint, Plaintiff alleges that Defendant reproduced and distributed one of Plaintiff's copyright-protected videos entitled "FTV – Tiffany" without Plaintiff's permission.

*Id.* The complaint contains five counts: (I) Copyright Infringement – Reproduction, in violation of 17 U.S.C. § 106(1); (II) Copyright Infringement – Distribution, in violation of 17 U.S.C. § 106(3); (III) Contributory Infringement; (IV) Civil Conspiracy; and (V) Negligence.  Doc. 1.

On December 5, 2012, Plaintiff filed a Notice of Voluntary Dismissal of Action Without Prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1).  Doc. 29.  The Court entered an Order dismissing the case without prejudice on December 6, 2012.  Doc. 30.  On that same day, Defendant filed his first Motion for Award of Attorney's Fees, (Doc. 31), which was denied for failure to comply with Local Rule 3.01(g) (Doc. 32).  The instant Second Motion for Award of Attorney's Fees (Doc. 33) ensued.

## II.    <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to . . . proposed findings and recommendations."   Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*   The district judge reviews legal conclusions de novo, even in the absence of an objection.  *See Cooper-Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

III.     **ANALYSIS**

In his Motion for Fees, Defendant Oppold seeks an award of attorney's fees in this case: 1) as a prevailing party under the Copyright Act, 17 U.S.C. § 505; 2) under the Copyright Act, 17 U.S.C. § 412; 3) under Federal Rule of Civil Procedure 11; 4) under Federal Rule of Civil Procedure 54(d); 5) pursuant to 27 U.S.C. § 1927; and 6) pursuant to the Court's inherent power. Doc. 33 at 1, 5.

In the Report and Recommendation, the Magistrate Judge noted that Defendant failed to demonstrate how he complied with the safe harbor provision of Rule 11(c)(1) or how the Court's inherent power provided a basis for attorney's fees, that Defendant also failed to discuss the legal standard for an attorney's fees award under 27 U.S.C. § 1927, and that Rule 54(d) "does not provide a substantive right to attorney's fees," citing *Corwin v. Walt Disney World Co.*, No. 602CV1377ORL19DAB, 2005 WL 1126659, at *2 (M.D. Fla. May 9, 2005), *aff'd*, 475 F.3d 1239 (11th Cir. 2007).  R&R at 2 n.1.  For those reasons, Defendant's request for attorney's fees under Federal Rules of Civil Procedure 11 and 54(d), and pursuant to 27 U.S.C. § 1927 and the Court's inherent power is denied.

Likewise, in his Motion for Fees, Defendant did not indicate how 17 U.S.C. § 412 provides a basis for attorney's fees in this case. This provision dictates what constitutes timely copyright registration of a work before an attorney's fee award or statutory damages can be requested in an action for copyright infringement.  *See* 17 U.S.C. § 412.  Defendant does not argue that this provision is an independent basis for an award of attorney's fees, nor has an issue been raised as to whether Defendant has met the registration requirements of 17 U.S.C. § 412. Therefore, there is no need for the Court to address this provision here.

In addressing Defendant's request for attorney's fees under 17 U.S.C. § 505, the Magistrate Judge first acknowledged that, under that statute, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs."  R&R at 4; 17 U.S.C. § 505.  A "prevailing party" is a legal term of art, meaning "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . ."  *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001) (quotations and citations omitted).  The Magistrate Judge recommends that the Court reject Defendant's argument that he is a prevailing party in this case by virtue of the two dismissal rule under Federal Rule of Civil Procedure 41(a)(1)(B),[1] which provides that: "[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  R&R at 4-5.

---

[1] Rule 41(a) provides for voluntary of dismissal of actions:

(1) **By the Plaintiff**.
>  (A) *Without a Court Order*.  Subject to Rules 23(e), 23.1(c), 23.2, and 66, and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:  (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.
>  (B) *Effect*.  Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

(2) **By Court Order; Effect**.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

In order for the two dismissal rule to apply, the same defendant must be named in each case. *Fernandez v. Estate of Gatti*, No. 10-62269-CIV, 2011 WL 2077817, at *2-3 (S.D. Fla. May 26, 2011).  In his Motion for Fees, Defendant argues that, in addition to the dismissal of this case in December 2012 (Doc. 29), Plaintiff First Time Videos previously dismissed a suit against him in Miami in the United States District Court for the Southern District of Florida, *First Time Videos, LLC v. John Does 1-76*, Case. No. 1:12-CV-20921-JAL (the "Miami case"), which alleged copyright infringement, civil conspiracy, and contributory infringement, claims that arose out of the same events alleged in this case.  Mot. for Fees at 1-3.  In its response, Plaintiff First Time Videos argues that the two dismissal rule does not apply here because Defendant was not specifically named in the Miami case.  Doc. 34 at 2-3.

Persuaded by the rationale in *Manning v. S.C. Dep't of Highway & Public Transp.*, 914 F.2d 44, 48 (4th Cir. 1990), which relied on *res judicata* principles in holding that the two dismissal rule "extends not only to named parties to an action, but also to their privies," meaning anyone "so identified in interest with another that he represents the same legal right," the Magistrate Judge agreed with Defendant Oppold that the two dismissal rule applies in this case, even though he was not a named defendant in the Miami case.  R&R at 5-6. As the Magistrate Judge explained in the Report and Recommendation, in *Manning*, the plaintiff filed a civil rights action in federal court against a John Doe and a Richard Roe, among others.  914 F.2d at 46.  Plaintiff then voluntarily dismissed the suit.  *Id.* at 47.  He subsequently filed a state court action against a named defendant, Evans, along with others.  *Id.*  Plaintiff also voluntarily dismissed that suit.  Id.  A third action was filed, which again named Evans as a defendant, among others. *Id.*  The trial court dismissed Evans from that action on the basis of the two dismissal rule under Rule 41(a)(1)(B).  *Id.*  On appeal, the court noted that the plaintiff and his attorney had testified

in the trial court that Evans was intended to be the defendant Doe or Roe named in the first action. *Id.* at 48. As such, the Fourth Circuit concluded that it could hardly be asserted that "Evans' legal rights were not implicated in the initial suit." *Id.*

In the Miami case at issue here, the John Does were identified by their IP (Internet Protocol) addresses. Defendant Oppold was the account holder of one of those IP addresses at the time, and was sent a demand letter after the Miami case was filed identifying him by the IP address listed in the Miami case. Doc. 1 at 2; Mot. for Fees, Ex. A. The demand letter mentioned that a lawsuit had been filed. Ex. A. From these facts, it is clear that Defendant Oppold's legal rights were implicated in the Miami case in order to trigger the two dismissal rule, as explained in *Manning*. Therefore, the Court finds Plaintiff's objection to be without merit.

However, even though the Magistrate Judge concluded that the two dismissal rule applies here, the Magistrate Judge did not find that "an adjudication on the merits" under Rule 41(a)(1) qualifies as a "judgment on the merits" for purposes of "prevailing party" status under the Copyright Act, 17 U.S.C. § 505, as it does not constitute a "judicially sanctioned change in the legal relationship of the parties" as required by *Buckhannon*, 532 U.S. at 605. *R&R* at 6-7. On the contrary, the two dismissal rule under Rule 41(a)(1) operates to close the case simply by virtue of that rule, and not by means of any judicial approval or entry of judgment, as the Magistrate Judge reasoned. *Id. Cadkin v. Loose*, cited by Plaintiff, supports this theory. 569 F.3d 1142 (9th Cir. 2009). Specifically, the court there stated that, in determining whether there is a "prevailing party" under the *Buckhannon* test, "the key inquiry is whether *some court action* has created a 'material alteration of the legal relationship of the parties.'" *Id.* at 1148 (quoting *Buckhannon*, 532 U.S. at 604) (emphasis added). There is no court action involved in the dismissal of a case under the two dismissal rule.

Defendant disagrees with the Magistrate Judge's conclusion that the two dismissal rule does not constitute a "judicially sanctioned change in the relationship of the parties" as required by *Buckhannon*.   Obj. at 12-14.   Defendant argues that a change in the relationship between Plaintiff and Defendant has occurred by virtue of Rule 41(a)(1)(B) in that Defendant "is no longer in danger of being hailed [sic] into court" by Plaintiff for the same claims as alleged in this case.   *Id.*   Additionally, Defendant appears to suggest that, because the Federal Rules of Civil Procedure are promulgated by the United States Supreme Court,[2] that fact makes the purported change in the relationship of the parties under Rule 41(a)(1)(B) "judicially sanctioned."   *Id.*   Therefore, Defendant contends that a "judgment[] on the merits," which *Buckhannon* held conferred "prevailing party" status on a party seeking attorney's fees, is the same as an "adjudication on the merits" under Rule 41(a).   *Id.* at 14-15; *Buckhannon*, 532 U.S. at 604 ("judgments on the merits . . . may serve as the basis for an award of attorney's fees").

As support, Defendant cites caselaw that, in essence, merely explains the administrative effect of Rule 41(a)(1), (obj. at 15) (citing statements in *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)[3] that under 41(a)(1), "[a] second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another"), and provides some reasoning for the "arbitrary limitation" of the rule, (obj. at 15) (citing *American Cyanamid*,

---

[2] The Federal Rules of Civil Procedure are enacted by the United States Supreme Court pursuant to the Rules Enabling Act under 28 U.S.C. § 2072, which states that: "The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals."   *See* 28 U.S.C. § 2072(a).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

317 F.2d at 297, stating that the reason for this "arbitrary limitation" is to "prevent unreasonable abuse and harassment").

Defendant's reliance on *American Cyanamid* is misplaced.  Specifically, the *American Cyanamid* court stated that, with respect to Rule 41(a)(1), the party filing a voluntary notice of dismissal:

> need do no more than file a notice of dismissal with the Clerk.  That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and *the court has no role to play*.  This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. *There is not even a perfunctory order of court closing the file*. Its alpha and omega was the doing of the plaintiff alone . . . .  A second notice of dismissal not only closes the file, it also closes the case with prejudice to the bringing of another. The reason for this arbitrary limitation . . . is to prevent unreasonable abuse and harassment.

317 F.2d at 297 (emphasis added).

Thus, Defendant's caselaw makes clear that there is no judicial involvement in the operation of either the initial voluntary dismissal by the plaintiff under Rule 41(a)(1)(A)(i) or the effect of the second voluntary dismissal by the plaintiff under Rule 41(a)(1)(B).

This point is highlighted in *American Cyanamid* through the court's comparison of a dismissal by a plaintiff under Rule 41(a)(1)(A), where there is no judicial involvement, and a dismissal by court order under Rule 41(a)(2), where the court has a role to play:

> We can read no two dismissal rule into 41(a)(2). *By its very language 41(a)(2) gives the court power* to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper.' *Here the court has an express judicial function to perform.* All of the concepts and processes of judicial determination are brought into play. The merits of each motion must be considered and a ruling made by the court. There is no language under this section which pre-ordains the ultimate judicial decision on a motion made under its terms. *This, to us, is not akin to the automatic consequences laid down for dismissals by notice under 41(a)(1). Rather than restricting the judicial function as is done under 41(a)(1), dismissals by the court on motion under 41(a)(2) plainly puts upon the court a definite duty to perform:* to grant or deny the motion, and to establish 'such terms and conditions as the court deems proper.'

317 F.2d at 297 (emphasis added).

This passage makes evident that there is no court intervention even after the plaintiff files its second notice of dismissal.  In order for the court to have any involvement at all, the plaintiff must request dismissal under Rule 41(a)(2).  Other caselaw cited by Defendant further highlights this point.  For instance, Defendant cites *Williams v. Ezell*, 531 F.2d 1261, 1263-64 (5th Cir. 1976), where the court found that the plaintiffs' "motion for dismissal" was effectively a voluntary dismissal because the opposing parties had not yet filed an answer or motion for summary judgment.  Thus, in accordance with Rule 41(a)(1), the court held that "[a]t the time [the] plaintiffs filed their motion to dismiss[,] the case was effectively terminated."  *Id.*  At that point, "[t]he court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right.  That was the end of the case and the attempt to deny relief on the merits and dismiss with prejudice was void."  *Id.*

Additionally, Defendant cites *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169-70 (5th Cir. 1980), wherein, for purposes of determining whether the defendant was a "prevailing party" under 42 U.S.C. §§ 1988 and 2000e-5(k) in order to obtain attorney's fees, the court noted that "although there has not been an adjudication on the merits in the sense of a weighing of facts, there remains the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata. As such, the [defendant] has clearly prevailed in this litigation."  However, in that case, the dismissal with prejudice constituted an involuntary dismissal imposed by the court pursuant to Rule 41(b), and thus, the two dismissal rule was not implicated where the court would not have been involved.  Moreover, the *Anthony* case did not have the benefit of the "material alteration test" as dictated by the United States Supreme Court

in *Buckhannon* to determine whether the defendant was a "prevailing party" for purposes of attorney's fees.

The Court concludes that because there is no court action involved in the dismissal of a case under the two dismissal rule pursuant to Rule 41(a)(1)(B), an "adjudication on the merits" under that rule does not constitute a "*judicially sanctioned* change in the legal relationship of the parties" as required by *Buckhannon*, 532 U.S. at 605 (emphasis).  Therefore, the Court agrees with the Magistrate Judge that the operation of the two dismissal rule under Rule 41(a)(1) does not render Defendant Oppold a "prevailing party" under the Copyright Act, 17 U.S.C. § 505. Thus, Defendant's claim for attorney's fees under that provision must necessarily fail.[4]

## IV.   <u>CONCLUSION</u>

As the Court agrees with the Magistrate Judge that Defendant Oppold is not a prevailing party under the Copyright Act, 17 U.S.C. § 505, Defendant's Second Motion for Award of Attorney's Fees (Doc. 33) should be denied.  Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved with respect to the recommendation that Defendant's motion be denied based on the failure of Defendant to establish that he is a prevailing party under the Copyright Act, 17 U.S.C. § 505.

Accordingly, it is hereby **ORDERED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 35) is adopted, confirmed, and approved with respect to the recommendation that Defendant is not a

---

[4] Because the Court finds that Defendant is not a prevailing party under the Copyright Act, 17 U.S.C. § 505, the Court does not address the Magistrate Judge's discussion regarding whether an award of attorney's fees would be warranted in the event that this Court held that Defendant was a prevailing party under 17 U.S.C. § 505.

prevailing party who qualifies for attorney's fees under the Copyright Act, 17 U.S.C. § 505, and is made a part of this order for that purpose, including appellate review.

2.  Defendant Paul Oppold's Second Motion for Award of Attorney's Fees (Doc. 33) is **DENIED.**


**DONE** and **ORDERED** in Orlando, Florida on this 16th day of September, 2013.

Charlene Edwards Honeywell
United States District Judge


Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding