U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

MOTION FOR LEAVE TO EXTEND PAGE LIMIT, EXTEND TIME, EXTEND PERMISSABLE WORD COUNT AND SUSPENSION OF Fed.R.App.P. 32(a)(7) REQUIRED CERTIFICATE

*Paul Oppold vs. First Time Videos, LLC*     Appeal No. 13-14717

COMES NOW, Paul Oppold, and moves this honorable court for the suspension of page limit, word limit, certificate of compliance, and other requirements of 11th Circuit Rule 32-4(a), and requests for extension of time greater than 7 days under Rule 31-2(a)(1) and states:

1. The court looks with disfavor upon motions to exceed page limits and will only grant such a motion for extraordinary and compelling reasons. 11th Cir. R. 32-4.

2. Oppold is not planning on having any opposition in this matter, as FTV is *pro se* and does not appear interested in this litigation.  Oppold believes that the circumstances presented in his case are rare, but of great importance to the stability of precedent among the various District Courts and the various Circuits because the circumstances are quite obviously more common.

3. To fully develop his argument without adversary, Oppold is arguing from the negative that the trial court was without jurisdiction to award him an adjudication on the merits.  Oppold's attempt at proving that the trial court had jurisdiction to award him an Adjudication on the Merits met with a case in the Ninth Circuit which involves an interpretation of Rule

41(a)(1)(B) that involves paradox at best or deep dilemma at worst. *Commercial Space v. Boeing*, 193 F. 3d 1074 (1999) (*Case of First Impression*) (holding that a third case is necessary to decide privity of the parties under two-dismissal rule).

    4.   Oppold was also presented with another dilemma, caused by the seeming paradox in Rule interpretation which presented questions of case or controversy, that are much better addressed in writing than in fifteen minute oral argument.  It is a logical necessity to close the causality loops that demonstrate the effects of the paradox to inspire debate beyond the dilemmas.  It is in the best interest of all parties and the court that these causality loops of paradox are closed on each end to the best of Oppold's ability in effort to avoid such questions at oral argument.

    5.  Rather than have the court create a framework around the paradox independently, Oppold will seek to cite and introduce various District Court cases from around the United States as concrete examples, instead of hypotheticals.  In citing this non-binding precedent, Oppold will be seeking a framework to solve the paradox using factual scenarios regarding Rule 41 second unilateral notice voluntary dismissals without prejudice, actions of the clerks of the District Courts.  Also Oppold will show a current appeal that is pending under the paradox has in fact triggered the paradox.  Having two appeals in pending circuits with opposite conclusions could lead to two cases on either side of a paradoxical split for review by the Supreme Court.

    6. Oppold's case includes principles of *res judicata* and claim preclusion, theories normally only developed in a third case under Rule 41.

To avoid the paradox, Oppold will strive to find logical support that a second court has jurisdiction to award an adjudication on the merits, rather than the effect that a third court lacks subject matter jurisdiction.

    7. In August 2013, another potential split dancing around the paradox was decided in the current Fifth Circuit. *Yesh Music v. Lakewood Church*, 12-20520 (August 14th, 2013). This is an oddity because Oppold's argument surrounds interpretations of the case law of binding precedent before 1981 from the Fifth which is still binding precedent on the Eleventh. *See Yesh Music* (dissent).

    8. Oppold's brief in its current form, is under forty pages and seems somewhat complete except numerous citations. Omitting sections or arguments from the brief would invite a fifteen minute oral argument of the paradox and its many dilemmas, that even with the most skilled attorney, takes an hour. The many sections of Oppold's argument invite a discussion of paradox, by its very nature difficult to describe.

    9. Expecting no reply brief by Appellee, the Appellant and his attorney will not place any further burden on the eyes of the court except this instant request for relief.

    WHEREFORE, Oppold requests that this court enter an order allowing leave to exceed the page limit, suspend the requirements of Fed. R. App. P. 32(a)(7) and for fourteen additional days to file the brief to ensure accuracy and logical result.

        Respectfully submitted,
        Graham W. Syfert, Esq.,P.A.


By: s/ Graham W. Syfert
    Graham W. Syfert
    Florida Bar #39104
    Georgia Bar #881027
    1529 Margaret St, Unit 2
    Jacksonville, FL 32204
    Phone: (904) 383-7448
    Fax: (904) 638-4726
    graham@syfert.com

I HEREBY CERTIFY, that a true and correct copy of this motion was sent by U.S. Mail this Wednesday, October 30, 2013, to pro se corporate Appellee:

First Time Videos, LLC
c/o Sierra Corporate Services - Las Vegas
2300 West Sahara Ave, Suite 120
Las Vegas, NV 89102

First Time Videos, LLC
c/o Robert Hooman Simyar
7582 Las Vegas Boulevard South
Suite 134
Las Vegas, NV 89123-1060

and to former counsel for Appellee:

Jonathan Torres, Esq.
1180 Spring Centre South Blvd Ste 355
Altamonte Springs, FL 32714-1999

        By: s/ Graham W. Syfert
           Graham W. Syfert (39104)

U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

*Paul Oppold vs. First Time Videos, LLC*     Appeal No. 13-14717

Oppold comes now and lists the trial judge(s), and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.


6881 Forensics

Banas Law Firm

Brett Gibbs, Esq.

First Time Videos, LLC

FTV Cash, Inc.

FTV, Inc.

George Banas, Esq.

Graham W. Syfert

Graham W. Syfert, Esq., P.A.

John Steele, Esq.

Jonathan Torres, Esq.

Joseph Perea, Esq.

Joseph Perea, P.A.

Judge Honeywell

Law Offices of Jonathan Torres, Esq.

Magistrate Judge Spaulding

Matthew Wasinger, Esq.

Paul Duffy, Esq.

Paul Hansmeier. Esq.

Paul Oppold

Peter Hansmeier

Prenda Law, Inc.

RHS Productions, Inc.

Robert Hooman Simyar

Under the Bridge Consulting

Wasinger Law Office, PLLC