## DOCKET NO. 13-14717

# United States Court of Appeals

### *for the*

# Eleventh Circuit

---

FIRST TIME VIDEOS, LLC,

*Plaintiff-Appellee,*

*v.*

PAUL OPPOLD,

*Defendant-Appellant.*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA IN CASE NO. 6:12-cv-01493-CEH-KRS
(Hon. Charlene Edwards Honeywell)

# BRIEF OF APPELLEE

MICHAEL J. MCCUE
MENG ZHONG
LEWIS ROCA ROTHGERBER LLC
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169
(702) 949-8200

DAVID K. FRIEDLAND
JAIME RICH VINING
FRIEDLAND VINING P.A.
1500 San Remo Avenue
Suite 200
Coral Gables, Florida 33146
(305) 777-1720

*Counsel for First Time Videos, Inc.*

First Time Videos v. Paul Oppold, Rec. No. 13-14717

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u>
## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Local Rule 26-1, counsel believes the list of interested parties

contained in Appellant's opening brief is complete and certifies to that effect.

## STATEMENT REGARDING ORAL ARGUMENT

The Appellee believes that oral argument would assist the Court in determination of the issues.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ..............................................................................C-1

STATEMENT REGARDING ORAL ARGUMENT ............................................. i

TABLE OF AUTHORITIES ................................................................... iv

JURISDICTIONAL STATEMENT ...........................................................1

STATEMENT OF ISSUES ....................................................................1

STATEMENT OF THE CASE..................................................................1

    I.     NATURE OF THE CASE.................................................................1

    II.    FACTUAL BACKGROUND ............................................................3

          A.    The Two Actions.............................................................3

          B.    Plaintiff Moved for Fees Under the Copyright Act ...................4

          C.    The District Court Denied Fees, Finding Oppold Was Not A "Prevailing Party" Under the Copyright Act ..................4

STANDARD OF REVIEW .....................................................................5

SUMMARY OF ARGUMENT .................................................................6

ARGUMENT .....................................................................................7

    I.     THE DISTRICT COURT HAD JURISDICTION TO DENY THE MOTION FOR FEES ..................................................................7

    II.    THE DISTRICT COURT CORRECTLY DETERMINED THAT OPPOLD WAS NOT A PREVAILING PARTY ..................10

          A.    Oppold was not a Prevailing Party Because a Voluntary Dismissal Under FRCP 41(a)(1) does not Involve a Court-Sanctioned Change in the Parties' Legal Relationship ...........................................................10

**Page**

B.    The Two-Dismissal Rule does not Render Oppold a
Prevailing Party.........................................................................15

C.    Oppold's Claim that the Findings in the District Court's
Order on Fees is Itself Judicially Sanctioned is Circular
Reasoning..................................................................................16

D.    FRCP 68 is not an Appropriate Comparison ...........................17

CONCLUSION .........................................................................................18

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# <u>TABLE OF AUTHORITIES</u>

<u>**Page**</u>

**Cases**

*Abrahams v. Hard Drive Prods., Inc.*,
   No. C–12–01006 JCS, 2012 WL 5499853 (N.D. Cal. Nov. 13, 2012)... 7, 8, 9, 10

*Am. Cyanamid Co. v. McGhee*,
   317 F.2d 295 (5th Cir. 1963) ........................................................................ 11, 12

*\*Anago Franchising, Inc. v. Shaz, LLC*,
   677 F.3d 1272 (11th Cir. 2012) ................................................................. *passim*

*Bonner v. City of Prichard*,
   661 F.2d 1206 (11th Cir.1981) .............................................................................11

*\*Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health
   and Human Resources*,
   532 U.S. 598 (2001) ................................................................................... *passim*

*Cadkin v. Loose*,
   569 F.3d 1142 (9th Cir. 2009) ..............................................................................11

*Commercial Space Mgmt. Co. v. Boeing Co.*,
   193 F.3d 1074 (9th Cir. 1999) ............................................................. 7, 8, 9, 10

*\*Cooter & Gell v. Hartmarx Corp.*,
   496 U.S. 384 (1990) ................................................................................... *passim*

*Dionne v. Floormasters Enters., Inc.*,
   667 F.3d 1199 (11th Cir. 2012) .............................................................................5

*Fox v. Acadia State Bank*,
   937 F.2d 1566 (11th Cir. 1991) .............................................................................8

*Gibson v. Walgreen Co.*, No. 6:07–cv–1053–Orl–28KRS, 2008 WL 2607775
   (M.D. Fla. July 1, 2008) .......................................................................................14

iv

**Page**

*Johnson v. Pringle Dev., Inc.*,
  No. 5:05-cv-37-Oc-10GRJ, 2006 WL 2189542 (M.D. Fla. Aug. 1, 2006)..........14

*Matthews v. Gaither*,
  902 F.2d 877 (11th Cir. 1990) .............................................................................12

*Philmore v. McNeil*,
  575 F.3d 1251 (11th Cir. 2009) .............................................................................6

*RFR Indus., Inc. v. Century Steps, Inc.*,
  477 F.3d 1348 (Fed. Cir. 2007) ..........................................................................15

*Sanborn v. Jagen PTY. Ltd.*,
  No. 8:10–cv–142–T–30MAP, 2010 WL 3781641 (M.D. Fla. Sept. 23, 2010) ...14

*Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*,
  353 F.3d 901 (11th Cir. 2003) ...................................................................... 11, 13

*Thomas v. Early Cnty., GA*,
  360 F. App'x 71 (11th Cir. 2010) ...........................................................................8

*Tidwell v. Krishna Q Invs., LLC*,
  935 F. Supp. 2d 1354 (N.D. Ga. 2012) ...............................................................14

*Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*,
  298 F.3d 1238 (11th Cir. 2002) ..................................................................... 17, 18

**Rules, Regulations and Statutes**

15 U.S.C. § 505 ................................................................................. 1, 4, 10, 15

Fed. R. App. P. 28(8)(4) .........................................................................................6

FRCP 41 ............................................................................................. 3, 4, 5, 11

FRCP 41(a)(1) ........................................................................................... *passim*

FRCP 41(a)(1)(A)(i) .......................................................................... 8, 12, 13, 15

FRCP 41(a)(1)(A)(ii) ...........................................................................................12

FRCP 41(a)(1)(B) ........................................................................................ 7, 9, 15

**Page**

FRCP 41(a)(2) ...................................................................................12

FRCP 68 ..................................................................................... 17, 18

## JURISDICTIONAL STATEMENT

This is an appeal of an order denying Appellant Paul Oppold's motion for attorneys' fees filed after Appellee First Time Videos LLC ("FTV") voluntary dismissed the case without court order.   Despite Oppold's arguments to the contrary, the district court had jurisdiction to consider the motion for fees despite the fact that the voluntary dismissal ended the case.   *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990).

FTV concurs with the remaining portions of Oppold's jurisdictional statement.

## STATEMENT OF ISSUES

1.    Whether the district court had jurisdiction to deny Oppold's motion for attorneys' fees?

2.    Whether Oppold is considered a "prevailing party" under the Copyright Act, 15 U.S.C. § 505, after FTV voluntarily dismissed the action under Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(A)(i)?

## STATEMENT OF THE CASE

## I.    NATURE OF THE CASE

This appeal involves a narrow issue of statutory interpretation regarding whether a defendant is considered a "prevailing party" to be entitled to fees under

the Copyright Act when the case ends because the plaintiff voluntarily dismissed the case before defendant filed an answer or motion for summary judgment. The answer is no. Under *Buckhannon v. West Virginia Department of Health*, 532 U.S. 598 (2001), to be considered a "prevailing party," Oppold must have obtained "court-ordered" relief. This litigation ended when FTV filed for voluntary dismissal "[w]ithout a Court Order" under FRCP 41(a)(1). The unilateral action of FTV's filing of the notice of dismissal ended the case, not the actions of the court. Accordingly, it follows that Oppold was not a "prevailing party" as Oppold did not receive court-ordered relief. The district court was right to deny Oppold's motion for fees, and this Court should affirm.

Presumably to circumnavigate this straightforward reading of the rule and relevant authority, Oppold makes tortured and difficult-to-follow arguments about whether the district court had jurisdiction, claiming reversal is required to avoid circuit splits, a "jurisdictional paradox," a "causality loop," and/or "suspension" of *res judicata*. These arguments are a nonsensical distraction that the Court need not address to resolve this appeal and affirm. As set forth (briefly) below, however, if the Court were to consider these arguments, they also are, to the extent not incoherent, incorrect.

## II.    FACTUAL BACKGROUND[1]

### A.    The Two Actions

On March 6, 2012, without FTV's knowledge, former counsel for FTV filed a complaint in the district court located in the Southern District of Florida. (Docket, *Miami Case*.)   On March 7, 2012, FTV's former counsel filed an Amended Complaint.  (Am. Compl. at 1, *Miami Case*, Doc. 5.)  The claims were for copyright infringement relating to the illegal download and distribution of FTV's copyright material.  (*Id.*)  One of the defendants has been identified as appellant Paul Oppold.  (Ord. at 5-6, *Orlando Case*, Doc. 40.)  On July 27, 2012, FTV's former counsel filed a notice of voluntary dismissal under FRCP 41(a)(1) against Oppold.  (Notice of Vol. Dismissal, *Miami Case*, Doc. 33.)

On July 30, 2012, again without FTV's knowledge, FTV's former counsel filed the present lawsuit against Oppold, for various claims, including copyright infringement, relating to the illegal download and distribution of FTV's copyrighted material.  (Compl. at 1, *Orlando Case*, Doc. 1.)

On December 5, 2012, before Oppold filed an answer or motion for summary judgment, FTV's former attorney filed a FRCP 41 notice of voluntary dismissal of the case.  (Notice of Vol. Dismissal, *Orlando Case*, Doc. 29.)

---

[1] FTV's cites are to Oppold's Appendix.

### B.    Plaintiff Moved for Fees Under the Copyright Act[2]

After the voluntarily dismissal was filed, Oppold filed a motion for attorneys' fees. (Second Mot. for Fees, *Orlando Case*, Doc. 33.)[3] Oppold claimed he was entitled to fees under the Copyright Act, 15 U.S.C. § 505. (*Id.* at 5.) Under the Copyright Act, the district court may, in its discretion, award reasonable attorneys' fees to the "prevailing party." (*Id.*) Oppold argued this case was the second time that FTV has filed a lawsuit against him and the second time FTV has filed a voluntary dismissal. (*Id.* at 3-4.) As such, Oppold claimed, the voluntary dismissal in this case is treated as an "adjudication on the merits" under FRCP 41 and therefore, Oppold should be considered the "prevailing party" under the Copyright Act. (*Id.* at 3-5.) Oppold asked for $12,840.00 in fees. (*Id.* at 14.)

### C.    The District Court Denied Fees, Finding Oppold Was Not A "Prevailing Party" Under the Copyright Act

The magistrate judge submitted a Report and Recommendation, recommending that the district court deny Oppold's motion for fees for two

---

[2] In the district court, Oppold asserted numerous failed grounds for an award of fees, but has appealed only the denial based on the Copyright Act. As such, the facts here will only focus on those pertinent to the issue on appeal. Suggestions that FTV should be punished for the actions of Prenda Law (AOB 8-9), a law firm that FTV may have used in the past, are not relevant on appeal. However, FTV notes that the improper actions by Prenda Law were unknown and never authorized by FTV's principals.

[3] The relevant motion for fees was called the "second" motion because Oppold's first motion was denied on procedural grounds. (Ord. at 1, *Orlando Case*, Doc. 32.)

reasons.  (R&R at 4-9, *Orlando Case*, Doc. 35.)  First, she explained that a party is only considered a "prevailing party" if there was a judicially sanctioned change in the legal relationship of the parties.  (*Id.* at 6-7.)  Because a FRCP 41 voluntarily dismissal was effective and ended the litigation without court action, any change in the parties' relationship was not judicially sanctioned.  (*Id.*)  Accordingly, Oppold was not a "prevailing party."  (*Id.* at 7.)

Second, even if Oppold was a "prevailing party," the magistrate judge recommended that the district court, in its discretion, deny Oppold's motion for fees because awarding Oppold fees would not advance the interests of the Copyright Act.  (*Id.* at 7-9.)  Oppold objected to the recommendation and expanded the amount of fees sought to $45,641.20 to include work on the motion for fees.  (Def.'s Obj. to R&R at 35, *Orlando Case*, Doc. 37.)

In a written order, the district court agreed with the magistrate judge that Oppold was not a "prevailing party" due to the lack of a judicially sanctioned change in the parties' relationship.  (Ord. at 6-10, *Orlando Case*, Doc. 40.)  The district court did not reach the alternative ground of denying fees in its discretion.  (*Id.* at 10.)  This appeal followed.  (Notice of Appeal, *Orlando Case*, Doc. 44.)

## STANDARD OF REVIEW

The interpretation of a statute is reviewed *de novo*.  *Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1203 (11th Cir. 2012).  However, an argument is

waived if the appellant fails to "elaborate or provide any citation of authority in support of" an allegation in a brief. *Philmore v. McNeil*, 575 F.3d 1251, 1259 (11th Cir. 2009) (citation omitted); *see also* Fed. R. App. P. 28(8)(4) (the arguments must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

## <u>SUMMARY OF ARGUMENT</u>

Oppold's claim that the district court lacked jurisdiction to deny his motion for fees is incorrect. The Supreme Court in *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384 (1990) has resolved this issue and held that the district court has jurisdiction to consider a motion for fees after a case terminates through the plaintiff's filing of a voluntary dismissal.

Furthermore, the district court correctly found that Oppold was not a "prevailing party" under the Copyright Act. A party is considered a "prevailing party" if there was a judicially sanctioned change in the legal relationship of the parties. Because this action ended via the filing of a notice of voluntary dismissal that the FRCP permitted "[w]ithout Court Order," no judicially sanctioned change of legal relationship occurred. As such, Oppold is not a "prevailing party." Accordingly, this Court should affirm the district court's order denying fees.

## ARGUMENT

## I.    THE DISTRICT COURT HAD JURISDICTION TO DENY THE MOTION FOR FEES

Oppold's first argument on appeal appears to challenge the district court's jurisdiction to deny his motion for fees.  (*See, generally*, Appellant's Opening Brief ("AOB") 12-25.)  Oppold's logic appears to be as follows:  To consider the motion for fees, the district court had to address Oppold's argument that he was a "prevailing party" under the Copyright Act.   That determination required the district court to consider Oppold's argument that he was a "prevailing party" because FTV's filing of a voluntary dismissal constituted an adjudication on the merits under FRCP 41(a)(1)(B).  However, under two non-binding decisions from the Ninth Circuit – *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074 (9th Cir. 1999) and *Abrahams v. Hard Drive Prods., Inc.*, No. C–12–01006 JCS, 2012 WL 5499853, at *4 (N.D. Cal. Nov. 13, 2012) – the district court lacked jurisdiction to decide whether FTV's filing of voluntary dismissal constituted an adjudication on the merits.  This is because, as Oppold claims, both *Commercial Space* and *Abrahams* held that once FTV filed its voluntary dismissal, the district court lost all jurisdiction to the case.

Oppold's argument is incorrect because the district did have jurisdiction to deny Oppold's motion for fees.  "The Supreme Court held in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990), that

a plaintiff's voluntary dismissal of an action under [FRCP] 41(a)(1)(A)(i) does not deprive a district court of jurisdiction to impose [FRCP] 11 sanctions." *Fox v. Acadia State Bank*, 937 F.2d 1566, 1569 n.2 (11th Cir. 1991). This is because such motions are collateral to the main dispute and can be adjudicated by the district court even if there is no pending case. *Cooter*, 496 U.S. at 395. "For the same reasons, motions seeking attorney's fees and costs pursuant to statute or the court's inherent powers may be considered by the district court after dismissal." *Thomas v. Early Cnty., GA*, 360 F. App'x 71, 75 (11th Cir. 2010) (citing *Cooter*, 496 U.S. at 396 and rejecting claim that district court did not have jurisdiction to consider motion for fees). Here, under *Cooter*, the district court maintained jurisdiction to deny Oppold's motion for fees.

Oppold's reliance on *Commercial Space* and *Abrahams* is misplaced. Neither of those cases discussed the district court's jurisdiction to consider a motion for fees. In fact, the *Commercial Space* court specifically stated that the current dispute before it was unlike the one before the *Cooter* Court. *Commercial Space*, 193 F.3d at 1079 n.8. The situation in *Cooter*, however, is exactly the same as the situation before the district court in this case.

In reality, *Commercial Space* and *Abrahams* made the unremarkable holding that a district court has no jurisdiction to issue a ruling on an un-ripe issue of law. That principle, however, has no application in the present case. Briefly stated, both

8

*Commercial Space* and *Abrahams* involved similar factual scenarios.  In both cases, a plaintiff filed two cases against the same defendant and in each case, the plaintiff filed for voluntary dismissal.  *Commercial Space*, 193 F.3d at 1077; *Abrahams*, 2012 WL 5499853, at *2.  After the second dismissal, the defendant asked the district court to rule that the second dismissal should be considered an adjudication on the merits under FRCP 41(a)(1)(B) and the case should be considered dismissed *with prejudice*.  *Id.*[4] *Commercial Space* held that such a determination was unnecessary because the case was over, and the determination of whether the dismissal was an adjudication on the merits (*i.e.* with prejudice) can be made when and if the plaintiff files a third case against the same defendant.  193 F.3d at 1076 ("whether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action").  Similarly, the *Abrahams* court explained that the plaintiff already stipulated to dismiss with prejudice, so there was no reason for the court to actually issue an order for dismissal with prejudice.  *Abrahams*, 2012 WL 5499853, at *4 ("Hard Drive has stipulated, however, that under the two-dismissal rule it may not assert a claim for

---

[4] In *Abrahams*, the defendant actually filed his own separate lawsuit and asked the district court in that lawsuit to rule as a matter of law that the previous two dismissals were adjudication on the merits.  In *Commercial Space*, the defendant simply asked the district court in the second dismissed case.  This distinction is irrelevant for the discussion in this brief because the underlying reasoning in both cases (un-ripeness) is the same.

copyright infringement as to the Adult Video that was the subject of the previous action"). Put simply, the holdings in *Commerce Space* and *Abrahams* were the result of the simple fact that determining whether there was an adjudication on the merits had no effect on any issue currently pending before those courts.

Unlike *Commercial Space* and *Abrahams*, the issue of whether there was an adjudication on the merits in the present case was not a hypothetical question because it was an argument Oppold raised in his motion for fees. (Mot. for Fees, *Orlando Case*, Doc. 33.) Under *Cooter*, the district court had jurisdiction to consider that motion for fees. Accordingly, Oppold's claim that the district court lacked jurisdiction to deny his motion for fees is without merit and should be rejected.

## II. THE DISTRICT COURT CORRECTLY DETERMINED THAT OPPOLD WAS NOT A PREVAILING PARTY

### A. Oppold was not a Prevailing Party Because a Voluntary Dismissal Under FRCP 41(a)(1) does not Involve a Court-Sanctioned Change in the Parties' Legal Relationship

Oppold claims he was entitled to fees under the Copyright Act, 15 U.S.C. § 505. Under the Copyright Act, the district court may, in its discretion, award reasonable attorneys' fees to the "prevailing party." *Id.* In *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, the Supreme Court explained that to determine whether there is a "prevailing party," there must be a "***court-ordered***…material alteration of the legal

relationship of the parties' necessary to permit an award of attorney's fees." 532 U.S. 598, 604 (2001) (emphasis added and internal citations omitted); *see also Cadkin v. Loose*, 569 F.3d 1142, 1148 (9th Cir. 2009) (holding "[t]he key inquiry is whether some court action has created a 'material alteration of the legal relationship of the parties'") (citation omitted). "In other words, there must be: (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial *imprimatur* on the change in the legal relationship between the parties." *Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (internal quotation marks and citations omitted for clarity).

The present case ended without court order after FTV filed a notice of voluntary dismissal under FRCP 41(a)(1). A discussion of FRCP 41 shows why this did not result in a "court-ordered" change in the legal relationship between FTV and Oppold. FRCP 41 offers three ways for a plaintiff to voluntarily dismiss his case. *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).[5] FRCP 41(a)**(1)** offers the first two ways and permits a plaintiff to voluntarily dismiss "[w]ithout a Court order." Specifically, a plaintiff may voluntarily dismiss an action either by filing a notice of dismissal before the opposing party files an

---

[5] *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981.

answer or motion for summary judgment or by stipulation of the parties.  FRCP 41(a)(1)(A)(i) and (ii).  "The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required."  *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990).  Put another way, "[the notice of voluntary dismissal] itself closes the file."  *McGhee*, 317 F.2d at 297.  In contrast to the first two methods, FRCP 41(a)**(2)** offers the third method for voluntary dismissal and permits a plaintiff to seek voluntary dismissal "[b]y Court Order."  Under this method, the district court has discretion to deny the dismissal or condition the dismissal on terms that the court deems proper.  *McGhee*, 317 F.2d at 298.

As apparent from the plain language of the rules, FRCP 41(a)**(1)** dismissal ends the litigation through unilateral actions of the parties without court involvement, where as a FRCP 41(a)**(2)** dismissal requires court involvement.  This distinction was affirmed in *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1277–78 (11th Cir. 2012), where this Court held that a FRCP 41(a)**(1)** dismissal was  "self-executing" and did not require or even permit the district court to take any action for the dismissal to become effective.  In *Anago*, the plaintiff and defendant agreed to settle their case, and jointly filed a stipulated dismissal under FRCP 41(a)(1)(A)(ii) to dismiss with prejudice.  *Id.* at 1274.  Soon after the dismissal, the parties disagreed as to the performance of the settlement agreement

and the defendant filed a motion with the district court to compel performance. *Id.* After the district court denied performance, defendant appealed. *Id.*

This Court remanded, however, because the district court lacked jurisdiction to enforce the settlement at all. This Court emphasized that a Rule 41(a)(1)(A)(ii) dismissal operated exactly like Rule 41(a)(1)(A)(i) dismissal – in that both were "self-executing" and automatically dismiss the case upon filing. *Id.* at 1277. Further comparing it to FRCP 41(a)(1)(A)(i), this Court held that there is "no reason to require judicial approval" of a Rule 41(a)(1)(A)(ii) dismissal. *Id.* at 1278. Indeed, the dismissal is "effective upon filing" and the "District court need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of jurisdiction." *Id.*[6]

Because a FRCP 41(a)(1) dismissal does not involve court action and (as the rule's text explicitly states) requires no "Court Order," a defendant who obtains relief through such a dismissal is not a "prevailing party" under *Buckhannon* because *Buckhannon* requires a "**court-ordered**…material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." 532 U.S. at 604 (emphasis added). Indeed, even in instances where a private agreement has formed the basis for establishing a "prevailing party," the agreement must have been subject to "judicial approval or oversight." *Smalbein*, 353 F.3d at 905. Yet,

---

[6] Of course, the district court still retained jurisdiction to consider any collateral issues such as motions for fees or FRCP 11 sanctions. *Cooter*, 496 U.S. at 396.

as *Anago* clearly states, a FRCP 41(a)(1) voluntary dismissal does not – and cannot – require "judicial approval" at all.    677 F.3d at 1278.

Not surprisingly, then, numerous district courts within this district have denied defendants' motions for fees by concluding that a Rule 41(a)(1) dismissal simply lacks the court action to render defendant a "prevailing party" under *Buckhannon*. *Tidwell v. Krishna Q Invs., LLC*, 935 F. Supp. 2d 1354, 1359 (N.D. Ga. 2012) (holding "[d]efendant did not obtain relief from the Court on the merits of any claim and there was no judicial *imprimatur* altering the legal relationship between Plaintiff and Defendant such that any party may claim 'prevailing party' status for the purpose of an award of costs or attorneys' fees"); *Sanborn v. Jagen PTY. Ltd.*, No. 8:10–cv–142–T–30MAP, 2010 WL 3781641, at *2 (M.D. Fla. Sept. 23, 2010) (denying fees based on the same reason); *Gibson v. Walgreen Co.*, No. 6:07–cv–1053–Orl–28KRS, 2008 WL 2607775, at *3 (M.D. Fla. July 1, 2008) (denying costs holding "the stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii) filed in this case was effective upon filing and required no further action of the Court. The subsequent order dismissing the case was ministerial only, and did not add any judicial *imprimatur* to the dismissal"); *Johnson v. Pringle Dev., Inc.*, No. 5:05-cv-37-Oc-10GRJ, 2006 WL 2189542, at *2 (M.D. Fla. Aug. 1, 2006) (denying defendant's motion for fees holding "[a] joint stipulation of dismissal filed pursuant to Rule 41(a)(1)-with or without prejudice-is effective

14

upon filing and requires no further action by the district court"); *accord RFR Indus., Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007) (reversing attorneys' fees award because in addition to being dismissed with prejudice, "a plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i) is not 'judicially sanctioned' because it does not require a court order, nor does the court have the power or discretion to place any conditions on it").

Here, FTV's filing of a notice of voluntary dismissal under FRCP 41(a)(**1**)(A)(i) was self-executing, requiring no judicial approval whatsoever to end the litigation. *Anago*, 677 F.3d at 1278 (holding "[d]istrict court ***need not*** and ***may not*** take action after the stipulation becomes effective…") (emphasis added). Accordingly, Oppold's relief did not result from "court-ordered" action that is required to render him a "prevailing party." *Buckhannon*, 532 U.S. at 604. As Oppold was not a "prevailing party," the district court correctly denied him fees under the Copyright Act. 11 U.S.C. § 505.

### B.    The Two-Dismissal Rule does not Render Oppold a Prevailing Party

Oppold's claims he is a "prevailing party" because FRCP 41(a)(1)(B) rendered the notice of dismissal in this case an "adjudication on the merits" under the two dismissal rule. (AOB 27, 31-33.) This argument is a distinction without a difference, however, because even if the case was dismissed with prejudice, the change was not the result of court action.

This Court's recent decision, *Anago*, is instructive because it also involved a voluntary dismissal that altered the parties' legal relationship but involved no court action.   677 F.3d at 1277-78.   There, the parties stipulated to dismissal **with prejudice**.  *Id.* at 1274.   Yet, this Court held that because the dismissal was filed pursuant to FRCP 41(a)(1), the district court lacked any right to approve or condition the dismissal of the case to render the dismissal effective.  *Id.* at 1278. Rather, such dismissal was effective without court involvement.  *Id.*

Here, like in *Anago*, any relief Oppold obtained through FTV's FRCP 41(a)(1) voluntary dismissal was "[w]ithout Court Order" and resulted from FTV's unilateral and non-judicially sanctioned filing of the notice of voluntary dismissal. Indeed, the district court's order addressing the two-dismissal rule did not make any findings that Oppold's claims were actually meritorious, merely that the two actions filed by FTV were related.   (Ord. at 5-6, *Orlando Case*, Doc. 40.) Accordingly, there was no "court-order" to satisfy the Supreme Court's governing standard for a "prevailing party" and Oppold was not entitled to an award of fees. *Buckhannon*, 532 U.S. at 604.

### C.    Oppold's Claim that the Findings in the District Court's Order on Fees is Itself Judicially Sanctioned is Circular Reasoning

Oppold also appears to claim there was a court-ordered change in the parties' relationship because within the district court's order denying fees, the district court held that there was an adjudication on the merits pursuant to the two-

dismissal rule.  (*See, e.g.*, AOB 26-27 (noting how "District Court awarded him an adjudication on the merits"), 31 (claiming "a court order is sufficient evidence that the judiciary has sanctioned a particular change").

This claim misconstrues the relevant issue and is actually a circular argument.  To be considered a prevailing party, Oppold must show a judicially sanctioned change in the parties' legal relationship ***before*** he moved for fees.  Otherwise, accepting Oppold's premise means that the basis for granting fees ("prevailing party") is the order addressing the fees itself, which is entirely circular.  To put the issue another way, under Oppold's logic, until he moved for fees, he was not a "prevailing party" – because there was no court order to establish a court-ordered change in the parties' relationship.  Since he was not a "prevailing party," he should not have been able to move for fees.  However, moving for fees anyways and having the court address the motion, Oppold gained the judicial action he needed to become a "prevailing party."

### D.    FRCP 68 is not an Appropriate Comparison

Oppold claims that a FRCP 41(a)**(1)** dismissal contained court action because it is similar to a FRCP 68 offer of judgment.  (AOB 31.)  Oppold relies on this Court's decision in *Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238 (11th Cir. 2002) where this Court found that a FRCP 68

offer of judgment contains judicial *imprimatur* to sustain a finding of "prevailing party."[7]  *Utility Automation* actually undermines Oppold's arguments.

In *Utility Automation*, the central fact underpinning the finding of "prevailing party" was that the district court could ***enforce*** the FRCP 68 offer of judgment.  *Util. Automation*, 298 F.3d at 1249 (finding "[]the terms of the judgment here are subject to the court's power to enforce…").  Here, in contrast, the district court cannot enforce FTV's voluntary dismissal because it was self-executing upon filing.  *Anago*, 677 F.3d at 1277-78.  Indeed, under *Anago*, the district court lacked jurisdiction to enforce such an agreement.  *Id.*[8]  If *Utility Automation* is the standard for "prevailing party," then Oppold's obtained relief here clearly fell short.  Thus, *Utility Automation* undermines, rather than supports, Oppold's claims.

## CONCLUSION

For the foregoing reasons, the district court correctly denied Oppold's motion for fees and this Court should affirm that order.

---

[7] While not necessary for this Court to rely on in order to distinguish *Utility Automation*, FTV notes that one of the Circuit Judges (Judge Stanley Marcus) on the *Utility Automation* case filed a concurrence specifically to question whether there was actual judicial *imprimatur* with respect to entry of a FRCP 68 judgment to sustain a finding of prevailing party.

[8] While *Anago* did note that the parties could agree to allow the district court to enforce the agreement by having the court incorporate the settlement in an order, that distinction is not presented in this case and thus, is irrelevant.

RESPECTFULLY SUBMITTED this 21st day of January, 2014.

LEWIS ROCA ROTHGERBER LLC
Michael J. McCue
Email: MMcCue@LRRLaw.com
Meng Zhong
Email: MZHONG@LRRLaw.com
3993 Howard Hughes, Suite 600
Las Vegas, NV 89169
Tel: 702-949-8200

FRIEDLAND VINING, P.A.
David K. Friedland
Email:   dkf@friedlandvining.com
Jaime Rich Vining
Email: jrv@friedlandvining.com
1500 San Remo Avenue, Suite 200
Coral Cables, Florida  33146
Tel: 305-777-1725
Fax: 305-456-4922

*Attorneys for Plaintiff-Appellee, First
Time Videos LLC*

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)

Pursuant to Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, I certify that this brief contains no more than 14,000 words. Based on the word count of the word processing system used to prepare this Brief, the word count, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii), is 4287.

I also certify that this brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared using Microsoft Word 2010 in 14 point Times New Roman font.

LEWIS ROCA ROTHGERBER LLC
Michael J. McCue Email:
MMcCue@LRRLaw.com
Meng Zhong
Email: MZhong@LRRLaw.com
3993 Howard Hughes, Suite 600
Las Vegas, NV 89169
Tel: 702-949-8200
Fax: 702-949-8398

FRIEDLAND VINING, P.A.
David K. Friedland
E-mail: dkf@friedlandvining.com
Jaime Rich Vining
Email: jrv@friedlandvining.com

20

1500 San Remo Avenue, Suite 200
Coral Cables, Florida  33146
Tel: 305-777-1725
Fax: 305-456-4922

*Attorneys for Plaintiff-Appellee, First Time Videos LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 21, 2014 one originally signed brief and 6 copies were dispatched for delivery to the Clerk's Office of the United States Court of Appeals for the Eleventh Circuit by third-party commercial carrier for overnight delivery at the following address:

John Ley, Clerk
U.S. Court of Appeals for the 11th Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

On this same date one copy of the brief was delivered to the following by third-party commercial carrier for delivery within three calendar days:

Graham W. Syfert
Graham W. Syfert, PA
1529 Margaret Street, Unit 2
Jacksonville, Florida 32204
904-383-7448

Filing and Service were performed by Direction of Counsel

Counsel Press, LLC
1011 East Main Street
Richmond, VA 23219
(804) 648-3664

22